IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


WESLEY A. BROWN, JR.                                                              PLAINTIFF


                    v.                          CIVIL NO. 04-5082


JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                   DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wesley A. Brown, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). Plaintiff moves that his case be remanded to the Commissioner for consideration of new and material medical evidence.[1] (Doc. # 7, p.5).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on April 14, 2000, alleging an inability to work since April 6, 2000, due to arteriosclerotic heart disease, hypertension, shortness of breath, arthritis of the elbows and right knee and obesity. (Tr. 166). An administrative hearing was held on January 30, 2002. (Tr. 68). On March 12, 2002, the ALJ issued a favorable decision.  (Tr. 114). Because there was evidence that plaintiff performed substantial gainful activity

_____

[1] Plaintiff's counsel is reminded that all new and material evidence submitted to the court should be submitted in a separate motion.

after his alleged onset date, the Appeals Council reopened the hearing decision on April 11, 2003, offering the claimant an opportunity for comment. (Tr. 15). After receiving and considering the comments, the Appeals Council subsequently vacated the March 12, 2002, hearing decision and remanded that case back to an ALJ for a supplemental hearing and a new decision. (Tr. 153).

A supplemental hearing was held on October 16, 2003, at which plaintiff was present and represented by counsel. (Tr. 23).  Plaintiff amended his onset date to August 1, 2002. (Tr. 35).  By written decision dated February 9, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe.  (Tr. 21).  However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 21).  The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work activity. (Tr. 21).  More specifically, the ALJ found plaintiff could lift and carry up to ten pounds frequently, twenty pounds occasionally; could push and pull ten pounds frequently, twenty pounds occasionally; could stand and walk for two hours without interruption for a total of six hours out of an eight-hour workday; and could sit for two hours out of an eight-hour workday. With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform his past relevant work as an elevator operator and an airplane sander. (Tr. 21).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on March 12 , 2004. (Tr. 7 ). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner.  Plaintiff now seeks judicial review of that decision. (Doc. #1).  Both parties have submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. #'s 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of admission and discharge notes from the Cardiovascular Surgical Clinic of Northwest Health dated March 17, 2004, through March 23, 2004. (Doc. # 7, Exhibit A). These notes indicate plaintiff underwent surgery on March 18, 2004. Upon discharge plaintiff was instructed not to drive and not to lift more than ten pounds.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits

were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on February 9, 2004, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). The medical records submitted indicate plaintiff is not to lift more than ten pounds. We find this troubling because the ALJ found plaintiff could perform a full range of light work. Accordingly, we find that remand is appropriate for consideration of the additional evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

We further suggest that the ALJ obtain a more recent RFC assessment. The record currently has one RFC assessment completed by a non-examining medical consultant dated August 21, 2000, and affirmed by another non-examining consultant on February 27, 2001, opining plaintiff could perform medium work. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999)(the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). We suggest that the ALJ address interrogatories to the physicians who have evaluated and/or treated plaintiff--including, Drs. James A.S. Haisten and John B. Weiss-- asking

the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence. If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to his past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

**Conclusion:**

Based on the foregoing, we recommend remanding this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of August 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE